UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARLOS JUAN DIAZ-SANCHEZ,

                                  Plaintiff,

                                  v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                                  Defendant.
_____

DECISION AND ORDER

16-CV-6782L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On March 21, 2013, plaintiff, then 29 years old, filed an application for supplemental security income, alleging an inability to work since September 1, 2007. (Dkt. #8 at 16, 139).[1] His application was initially denied. Plaintiff requested a hearing, which was held February 27, 2015 before Administrative Law Judge ("ALJ") Brian Kane. The ALJ issued an unfavorable decision on March 26, 2015, concluding that plaintiff was not disabled under the Social Security Act. That decision became the final decision of the Commissioner when the Appeals Council denied review on October 13, 2016 (Dkt. #8 at 1-3). Plaintiff now appeals.

---

[1] References to page numbers in the Administrative Transcript (Dkt. #8) refer to the internal Bates-stamped numbers assigned by the parties.

The plaintiff has moved, and the Commissioner has cross moved, for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the Commissioner's cross motion (Dkt. #12) is granted, plaintiff's motion (Dkt. #10) is denied, and the complaint is dismissed.

## DISCUSSION

An ALJ proceeds though a well-established five-step evaluation in determining whether a claimant is disabled within the meaning of the Social Security Act, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

Here, the ALJ determined that the plaintiff was capable of performing light work, with the following limitations: the plaintiff has the ability to lift and/or carry up to ten pounds, and can sit for up to six hours, stand for up to four hours, and walk for up to four hours in an eight-hour workday. Plaintiff has no use of his upper right extremity for reaching in any direction, and can only occasionally finger and handle with his right upper extremity. (Dkt. #8 at 20). When presented with this RFC, vocational expert Julie A. Andrews testified that plaintiff could perform the positions of housekeeper/cleaner and counter clerk. (Dkt. #8 at 23).

Plaintiff's treatment records reflect a history of complaints of pain in the right shoulder, arm and hand, following a gunshot wound and a motor vehicle accident, with sporadic references to complaints of depression, back pain, and asthma. The ALJ's finding concerning plaintiff's RFC is consistent with the medical evidence of record.

Initially, plaintiff contends that the ALJ failed to sufficiently support his decision not to give controlling weight to the opinion of treating physician Dr. Erin Imler. (Dkt. #8 at 214). Dr. Imler's opinion, rendered September 17, 2012, noted that plaintiff had requested an examination of his right shoulder to support his pending disability case. After examining plaintiff, Dr. Imler opined that plaintiff was unable to work at "the present time" due to right shoulder pain and weakness and tremor of the right arm, and that he would remain so for six months. Dr. Imler stated that plaintiff could walk, stand and sit for up to four hours, and push, pull, bend, lift and carry for up to two hours, in an eight-hour workday. (Dkt. #8 at 217).

A treating physician's opinion is entitled to controlling weight if it is well-supported by medical findings, and is not inconsistent with other substantial evidence. *See Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999).[2] If an ALJ opts not to afford controlling weight to the opinion of a treating physician, the ALJ must consider: (1) the examining relationship; (2) the extent of the treatment relationship; (3) medical support for the opinion: (4) consistency; and (5) the physician's specialization, along with any other relevant factors. 29 C.F.R. §404.1527(d)(2). An ALJ's failure to apply these factors and provide reasons for the weight given to the treating physician's report is reversible error. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999).

I find that the ALJ appropriately considered the relevant factors in assessing Dr. Imler's opinion, and that his decision to give it only "some" weight was proper. Initially, the opinion refers to no more than temporary limitations, expected to last for six months, which are insufficient to meet the twelve-month durational prerequisite for a disability claim. (Dkt. #8 at 215). *See generally Barnhart v. Walton*, 535 U.S. 212, 219 (2002) (a claimant's functional limitations – and

---

[2] A recent change to the Administration's regulations regarding the consideration of opinion evidence will eliminate application of the "treating physician rule" for claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844, 5848-49 (Jan. 18, 2017) (to be codified at 20 C.F.R. pts. 404 and 416). For the purposes of this appeal, however, the prior version of the regulation applies.

not merely his diagnosis – must meet the 12-month durational requirement in order to establish disability). Although Dr. Imler assessed sitting, standing and walking limitations, those limitations are entirely unsupported: they have no obvious relationship to plaintiff's diagnoses (right arm and shoulder pain and weakness, asthma and depression), and are contradicted by Dr. Imler's contemporaneous objective findings that plaintiff's gait and ability to walk and squat were completely "normal." (Dkt. #8 at 216).

Furthermore, although the ALJ appears to have given Dr. Imler the benefit of the doubt in determining her relationship to plaintiff, there is no evidence of any extensive treating relationship between them. To the contrary, the record indicates that Dr. Imler examined plaintiff only one time, and she describes that examination as an "incomplete [workup]" (Dkt. #8 at 146, 215). *See also* Dkt. #8 at 214 (declining to identify date plaintiff became a patient, when plaintiff was examined, or how many times). Finally, to the extent that Dr. Imler opined that plaintiff's shoulder pain would render him temporarily unable to work, the ALJ appropriately rejected that opinion because the question of ultimate disability is reserved solely for the Commissioner. *See Halloran v. Barnhart*, 362 F.3d 29, 32 (2d Cir. 2004).

The RFC determined by the ALJ is also consistent with plaintiff's longitudinal medical history, which does not testify to any severe limitations except with respect to plaintiff's right arm and shoulder. Objective testing results, such as X-rays of plaintiff's chest and lumbar spine performed on or around February 13, 2014, were normal. (Dkt. #8 at 259-63, 265). Plaintiff's self-report that as of March 21, 2013, he was working full-time as a cleaner (Dkt. #8 at 143-44, 149-50), as well as his self-reported daily activities, including cooking, cleaning and laundry (Dkt. #8 at 59, 219), were also inconsistent with the extent of the limitations identified by Dr. Imler. I

4

therefore find that the ALJ's decision not to grant controlling weight to the opinion of Dr. Imler was adequately explained and properly supported.

Plaintiff also argues that the ALJ failed to give sufficient weight to the opinions of consulting physician Dr. Harbinder Toor, who examined plaintiff on July 17, 2013 and December 29, 2014. Dr. Toor found, among other things, that plaintiff's ability to push, pull, bend, lift and carry was limited to up to two hours in an eight-hour workday. (Dkt. #8 at 218-22, 237-40).

Upon review of the record, it is clear that the ALJ properly declined to credit portions of Dr. Toor's assessments. As with Dr. Imler's opinion, Dr. Toor assessed only temporary limitations, described in his second, December 29, 2014 opinion as being expected to last "three to six months." (Dkt. #8 at 221, 239). *See generally Barnhart*, 535 U.S. 212 at 219. Furthermore, the limitations assessed by Dr. Toor, particularly with respect to plaintiff's ability to stand, walk, bend, and engage in other postural activities, are contradicted by his objective examination findings, which assessed those abilities as normal. (Dkt. #8 at 238, indicating "normal" gait, heel and toe walking, and squat). To the extent that Dr. Toor's opinions did contain well-supported limitation findings concerning the plaintiff's inability to reach, handle, finger, carry, etc. with his right arm and hand, the RFC determined by the ALJ appropriately accounted for those limitations.

Finally, plaintiff argues that the ALJ failed to properly evaluate the opinion of consulting psychiatrist Dr. Yu-Ying Lin, who examined plaintiff on or about July 17, 2013. (Dkt. #8 at 223-27). Dr. Lin opined that plaintiff had mild limitations in attention and concentration, and moderate to marked limitations in dealing with stress, although these were not "significant enough to interfere with [plaintiff's] ability to function on a daily basis." (Dkt. #8 at 358-61).

Because the record contained some references to plaintiff's depression, the ALJ had applied the "special technique" to evaluate its effects on plaintiff's ability to function. The ALJ

5

gave significant weight to most of Dr. Lin's opinion, but "little" weight to Dr. Lin's statement that plaintiff was moderately to markedly limited in coping with stress, because it was "unsupported by the fact that the claimant has not sought out any consistent treatment for his psychiatric condition and shows little interference of [sic] his daily activities due to mental impairments." (Dkt. #8 at 19).

Contrary to plaintiff's objections, the ALJ's consideration of plaintiff's mental health treatment history – or, more appropriately, lack thereof – was appropriate. The record contains scant reference to plaintiff's treatment for depression, mentioning his prescription for Celexa, an antidepressant. With the exception of that prescription, it does not appear that plaintiff sought, or received, any regular mental health treatment during the time period in question, nor was he hospitalized for any mental health issues. Where, as here, a claimant has sought little-to-no treatment for an allegedly disabling condition, his inaction may appropriately be construed as evidence that the condition did not pose serious limitations. *See Arnone v. Bowen*, 882 F.2d 34, 39 (2d Cir. 1989) (lack of evidence that claimant sought medical attention may not preclude a finding of disability, but it does "seriously undermine" a disability claim); *Gagnon v. Commissioner*, 2016 U.S. Dist. LEXIS 14063 at *16 (N.D.N.Y. 2016) (subjective complaints of anxiety and social phobia are "undercut" by claimant's sporadic medical treatment for those impairments); *Talbot v. Colvin*, 2016 U.S. Dist. LEXIS 8520 at *7 (N.D.N.Y. 2016) (ALJ appropriately rejected physician's opinion that plaintiff was severely limited by depression, where plaintiff never sought mental health counseling). The ALJ's consideration of plaintiff's lack of treatment in weighing Dr. Lin's opinion was, accordingly, appropriate.

The Court also notes, as did the ALJ, that Dr. Lin's opinion concerning plaintiff's ability to handle stress appears to have been based solely on plaintiff's self-reports, and not on any

objective testing or observation. In any event, the fact that plaintiff reported having actually engaged in full-time work as a cleaner during the relevant time period (Dkt. #8 at 143-44, 149-50), suggests that his alleged limitations were not altogether disabling.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. #10) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is granted. The Commissioner's decision that plaintiff, Carlos Juan Diaz-Sanchez, was not disabled, is affirmed, and the complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 3, 2018.